**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1518**

EVODIA KAH TABOH,

          Petitioner,

     v.

MICHAEL B. MUKASEY, Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 17, 2008          Decided:  July 14, 2008

Before KING, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Theodore Nkwenti, Silver Spring, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Kristin A. Moresi, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evodia Kah Taboh, a native and citizen of Cameroon, petitions for review of a decision of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order finding her removable and denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

We have reviewed the administrative record, the immigration judge's decision, and the Board's affirmance thereof, and find that substantial evidence supports the Board's ruling that Taboh failed to establish a nexus between the alleged persecution and a protected ground. See 8 C.F.R. § 1208.13(a) (2007) (stating that burden of proof is on alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Such a causal nexus is required to support the grant of asylum. 8 U.S.C. § 1101(a)(42)(A) (2000); Saldarriaga v. Gonzales, 402 F.3d 461, 466 (4th Cir. 2005).

Moreover, as Taboh cannot sustain her burden on the asylum claim, she cannot establish her entitlement to withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8

U.S.C.A.] § 1231(b)(3) [(West 2005)]."). In addition, we uphold the finding that Taboh failed to establish that it was more likely than not that she would be tortured if removed to Cameroon. See 8 C.F.R. § 1208.16(c)(2) (2007).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED